# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1683

———————————————

United States of America

*Plaintiff - Appellee*

v.

Elvia Adilene Ibarra-Sanchez

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: March 11, 2019
Filed: May 6, 2019
[Unpublished]

——————————

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

In November 2016, Elvia Ibarra-Sanchez was indicted on one count of conspiring to distribute methamphetamine and two counts of aiding and abetting the distribution of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; 18 U.S.C. § 2. At trial, her primary defense was that she did not knowingly commit the

crimes. The jury found her guilty on all counts, and the district court[1] sentenced her to two years in prison and three years of supervised release. She appeals, arguing the district court plainly erred in allowing an expert to present so-called drug-courier testimony and that the district court abused its discretion by giving the jury a willful-blindness instruction. We affirm.

The indictment against Ibarra-Sanchez included charges that she conspired with her boyfriend turned fiancé, Jeovani Huerta-Gonzalez. He pleaded guilty and testified on Ibarra-Sanchez's behalf at her trial. Both testified that he shielded her from his illicit drug trafficking, to the point that, according to Huerta-Gonzalez, Ibarra-Sanchez "didn't know anything about what I was doing." Ibarra-Sanchez admits that she was with Huerta-Gonzalez on three occasions when he distributed methamphetamine, but she maintains she still did not realize he was distributing drugs. The government, on the other hand, presented testimony from an unindicted coconspirator who said, among other things, that Ibarra-Sanchez had witnessed drug transactions, that she had instructed Huerta-Gonzalez where to find drugs in his apartment on one occasion, and that she had handled some of the drug-transaction proceeds.

The government also called a police officer to give expert testimony about the modus operandi of drug traffickers. He testified that drug dealers often use girlfriends in various ways to help them distribute. He also said that, while girlfriends are not necessarily made aware of all the details of a conspiracy, "they are absolutely going to be informed about what's going on." He acknowledged that "one time may be a coincidence," but, he continued, "if somebody's role is to be present or somebody is present and they're actively working on behalf of that organization, then they would have knowledge about what's going on."

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Ibarra-Sanchez maintains on appeal that the district court erred in allowing this expert testimony because, she contends, it constitutes impermissible drug-courier testimony. Because defense counsel did not object to this testimony before the district court, we review for plain error. *See United States v. Sorensen*, 893 F.3d 1060, 1064 (8th Cir. 2018). What is called drug courier evidence is generally inadmissible at trial because it involves nothing more than testimony about investigative techniques that police officers use to identify potential drug couriers. *See United States v. Holmes*, 751 F.3d 846, 851 (8th Cir. 2014). A court, however, may allow officers to give expert testimony concerning the modus operandi of drug dealers since most jurors are unfamiliar with the trade. *United States v. Schwarck*, 719 F.3d 921, 923 (8th Cir. 2013).

In some cases the line between these two legal principles is admittedly somewhat hazy. But we have specifically held that "[e]xpert testimony to the effect that drug traffickers do not typically use couriers who are unaware they are transporting drugs is permissible where one theory of the defense is that the defendant was unaware of the presence of the drugs." *United States v. Urbina*, 431 F.3d 305, 311 (8th Cir. 2005). That's precisely the situation here; the apparent object of the officer's testimony was to establish that Ibarra-Sanchez was aware of, and assisted in, Huerta-Gonzalez's drug trafficking. We therefore detect no error, much less a plain one.

We review the district court's decision to give a willful-blindness instruction over defense counsel's objection for an abuse of discretion. *United States v. Atkins*, 881 F.3d 621, 627 (8th Cir. 2018). We have described willful blindness as "a limited exception" to a requirement that the defendant have actual knowledge of a crime's commission, applying "only if the defendant was aware of facts that put him on notice that criminal activity was probably afoot and deliberately failed to make further inquiries, intending to remain ignorant." *United States v. Hansen*, 791 F.3d 863, 868 (8th Cir. 2015).

We don't think the district court abused its discretion in giving a willful-blindness instruction on this record. We have explained that such an "instruction is particularly appropriate when the defendant denies any knowledge of a criminal scheme despite strong evidence to the contrary." *United States v. Woodard*, 315 F.3d 1000, 1004 (8th Cir. 2003). Indeed, Ibarra-Sanchez admits being near Huerta-Gonzalez during three drug transactions but disclaims any knowledge of them, so, under *Woodard*, the instruction was appropriate. Ibarra-Sanchez also points to her testimony that she questioned Huerta-Gonzalez about warning signs of illicit activity and merely accepted his explanations. She argues that, by questioning Huerta-Gonzalez, she did not bury her head in the sand. But the jury was not obligated to believe she questioned him, and even if it did, it could still reasonably find that her mere questioning was insufficient to show she did not intend to remain ignorant.

We disagree with Ibarra-Sanchez that the instruction lowered the government's burden of proof to the point that she could be convicted for mere negligence. We have rejected this very argument where, as here, the willful-blindness instruction also informed the jury that it could not find knowledge if the defendant were "merely negligent, careless, or mistaken." *See United States v. Haire*, 806 F.3d 991, 998 (8th Cir. 2015).

Affirmed.

_____